## SUPREME COURT.

JOHN BROTHERSON, respondent agt. EMANUEL CONSALUS, appellant.

CONSALUS, appellant agt. BROTHERSON, respondent.

Can this court at a *general term,* in an action which arose in their district, on setting aside a default on appeal in the action, which was taken at a general term of an adjoining district, and directing that the cause be heard on the appeal at the next general term in the *former district,* which motion was opposed, deprive the court in the *latter district* from hearing the appeal, when it is regularly noticed in the latter court?

In other words, does the order of one general term which is granted on opposition, setting aside the default taken at another general term in an adjoining district, where the cause was regularly noticed, and directing the appeal to be heard in the district where the order is made, *per se* stay the hearing of the appeal in the adjoining district?

*Albany General Term, December 5, 1864.*

*Before* PECKHAM, MILLER *and* INGALLS *Justices.*

THE defendant appealed in the first above cause from a judgment of Justice BOCKES.

In the second cause the plaintiff appealed from an order of Justice ROSEKRANS, made the fourth Tuesday of August, 1864, setting aside the plaintiff's judgment for alleged irregularity. The place of trial is Saratoga county, fourth district.

The counsel for the appellant regularly noticed each appeal for argument at the Albany general term, held in the third district in September, 1864, that county adjoining Saratoga. The respondent did not appear at the September term, and his default was taken in each case. The respondent made an affidavit, saying he got left by the cars the first day of that term, and upon that ground moved at the October general term, in the fourth district, to open the defaults, which motions were granted, as follows:

" Motion to open defaults granted, appeal to be heard at the next Schenectady general term, without further notice, on condition that the respondent within twenty days after the service of this order pay to the appellant's attorney $10 costs of this motion, and in case of non-payment of such costs, then the motion is denied with $10 costs."

The respondent paid the costs in time. Thereupon the attorney for the appellant noticed the causes for the Albany general term, to be held December 5th, 1864, and the first cause was placed on the calendar. At the opening of this term,

JOHN BROTHERSON, *in person*,

moved to strike the first cause from the calendar, and that the court do not hear the other, on the ground that the aforesaid order granted in the fourth district prevented the hearing of the causes in the third district, and operated as a stay against the appellant's bringing on the causes here.

E. F. BULLARD, *opposed said motion*,

and read an affidavit that he opposed the order granted in the fourth district, and that it was not made by his consent.

I. For the appellant, he contended that the fair construction of the clause in the order directing the cause to be heard at Schenectady, without further notice, was, that it was imposed as a condition upon the respondent, but not upon the appellant; that the appellant need not take advantage or accept of such condition; that the Schenectady term does not occur until January next, and it is not reasonable that the court intended to delay the appellant, who is endeavoring to forward the arguments.

II. That any other construction would assume that the court in the fourth district had not treated the court in the third district with proper comity, and might lead to the inference that the court in the fourth district desired the case to be heard before it, because the decisions below had been made by single justices who would compose the appellate court in that district.

III. That such order could not in any sense be construed as a stay, or any special direction that the appeal should be heard *only* in such fourth district, because no such motion was made in the fourth district, and no cause is shown for such order, unless the fact that the appeals in that district would be heard before two of the judges who had made the decisions below, is to be deemed such cause. The term for the third district first occurred in September, at Albany, and as that county adjoins Saratoga, the statute gave the appellant the right to notice the cause there without waiting until October, and travelling over two hundred miles to St. Lawrence county to attend that term (*Code*, § 346).

THE COURT denied the motion, and held that the appellant had the right to bring on the appeals at this term. The appellant then moved the argument in the second cause. The respondent stated he wished time to prepare

for the argument, and at his request both causes were set down for the first Thursday of this term.

On that day, JOHN K. PORTER, counsel for the appellant appeared, but the respondent did not appear, and his default was taken in the second cause, reversing the order of the special term, with costs.